1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11 | MWE SERVICES, INC., a            | No.  2:14-cv-00010-JAM-KJN
   | Nebraska corporation;
12 | CHRISTOPHER J. MARTIN,

13 |           Plaintiffs,            | **ORDER GRANTING DEFENDANT UNITED**
   |                                  | **STATES' MOTION TO DISMISS AND**
14 |      v.                          | **DENYING DEFENDANT CALIFORNIA**
   |                                  | **DEPARTMENT OF FORESTRY AND FIRE**
15 | CALIFORNIA DEPARTMENT OF         | **PROTECTION'S MOTION AS MOOT**
   | FORESTRY AND FIRE PROTECTION;
16 | CALIFORNIA DEPARTMENT OF
   | CORRECTIONS; CALIFORNIA
17 | HIGHWAY PATROL; CAMPTONVILLE
   | FIRE DEPARTMENT;
18 | DOBBINS/OREGON HOUSE FIRE
   | PROTECTION DISTRICT; GRASS
19 | VALLEY FIRE DEPARTMENT; LINDA
   | FIRE PROTECTION DISTRICT;
20 | NORTH SAN JUAN FIRE
   | PROTECTION DISTRICT; PACIFIC
21 | GAS AND ELECTRIC COMPANY;
   | PENN VALLEY FIRE PROTECTION
22 | DISTRICT; UNITED STATES
   | DEPARTMENT OF AGRICULTURE
23 | FOREST SERVICE; UNITED STATES
   | GEOLOGICAL SURVEY; and DOES 1
24 | through 2500, inclusive,

25 |           Defendants.

26

27     Two motions are before the Court in this matter:

28 (1)Defendant California Department of Forestry and Fire

                                    1

Protection's ("Cal Fire") Motion for Judgment on the Pleadings, Or Alternatively, Motion to Dismiss (Doc. #12) Plaintiffs MWE Services, Inc. ("MWE") and Christopher Martin's (collectively "Plaintiffs") First Amended Complaint in Interpleader (Doc. #1-1, Exh. A) ("FAC"); and (2) Defendants United States Department of Agriculture Forest Service and United States Geological Survey's (collectively "United States") Motion to Dismiss (Doc. # 18) the FAC for lack of Subject Matter Jurisdiction.[1]  Cal Fire submitted a Reply (Doc. #23) to the United States' motion, and the United States filed a statement of non-opposition (Doc. #20) to Cal Fire's motion. Plaintiffs filed a joint and several opposition (Doc. #21) to both motions.  The United States filed a reply (Doc. #24) to the opposition.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On December 10, 2012, Plaintiffs filed the First Amended Complaint in Interpleader (Doc. 1-1, Exh. A) in Yuba County Superior Court.  The United States removed the case (Doc. #1) to this Court on January 2, 2014.

According to the FAC, Plaintiff Christopher Martin is a resident of the State of Missouri and MWE is a corporation organized under the laws of the State of Nebraska.  FAC ¶¶ 1-2. Plaintiffs are the insureds under a commercial general liability policy in which the insurer is Berkley Regional Specialty Insurance Company.  Id. ¶ 5.  Plaintiffs allege that Defendants

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 21, 2014.

1  have claimed or may claim that they are entitled to the funds

2  from the policy, which may subject Plaintiffs to multiple

3  liability under 28 U.S.C. § 1335 and Federal Rules of Civil

4  Procedure Rule 22.  Id. ¶¶ 6-7.  They indicate the claims arise

5  from a fire that occurred in and around Yuba County, California.

6  Id. ¶ 3.  The FAC indicates that Cal Fire has already filed a

7  complaint against Plaintiffs for damages as a result of the fire.

8  Plaintiffs claim no interest in the funds except for attorneys'

9  fees and costs and request the Court to determine the persons who

10  are legally entitled to receive the funds.  Id. ¶¶ 9-10.

11  Plaintiffs state they are ready and willing to tender the funds

12  to the Court "with their insurer's consent."   Id.

13

14                        II.   OPINION

15       A.   Requests for Judicial Notice

16       The United States requests the Court judicially notice (Doc.

17  #18-2) two documents, (1) the FAC (RJN Exh. 1) and (2) a

18  complaint filed by Cal Fire against Plaintiffs for "fire

19  suppression, investigation, auditing, and litigation fees and

20  costs" (RJN Exh. 2).

21       Generally, the Court may not consider material beyond the

22  pleadings in ruling on a motion to dismiss.  The exceptions are

23  material attached to, or relied on by, the complaint so long as

24  authenticity is not disputed, or matters of public record,

25  provided that they are not subject to reasonable dispute.  E.g.,

26  Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar.

27  30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688

28  (9th Cir. 2001) and Fed. R. Evid. 201).  The first document is

1  the operative complaint in this action.  It is clearly a document

2  the Court will rely on in ruling on the motions, and as such, the

3  request is granted as to it.

4      The second document is a complaint filed in another action

5  in the Yuba County Superior Court.  It is specifically referenced

6  in Plaintiffs' FAC and relied on by Plaintiffs.  As such, the

7  Court will take judicial notice of it.

8      Cal Fire seeks judicial notice (Doc. #14) of four documents.

9  The first is the complaint already discussed above, filed by Cal

10  Fire against Plaintiffs in the Yuba County Superior Court.  The

11  other three documents concern the removal and subsequent remand

12  of the other action.  The Court does not find notice of these

13  documents necessary in ruling on the motions before it, and as

14  such, denies Cal Fire's request.

15      Plaintiffs seek judicial notice (Doc. #21-4) of two

16  documents.  The first is their answer to the complaint noticed

17  above.  The second is Plaintiff MWE's case management conference

18  statement filed in connection with the other action.  The Court

19  does not find either necessary in ruling on the motions currently

20  before it, and therefore denies Plaintiffs' request.

21      B.   Legal Standard

22      There are two forms of interpleader, "rule interpleader,"

23  under Rule 22 of the Federal Rules of Civil Procedure, and

24  "statutory interpleader," pursuant to 28 U.S.C. § 1335.  Both

25  allow a party to file a claim for interpleader if there is a

26  possibility of exposure to double or multiple liability.  Lee v.

27  W. Coast Life Ins. Co., 688 F.3d 1004, 1009 (9th Cir. 2012).

28  "The purpose of interpleader is for the stakeholder to 'protect

4

1  itself against the problems posed by multiple claimants to a

2  single fund.'"  Mack v. Kuckenmeister, 619 F.3d 1010, 1024 (9th

3  Cir. 2010) (quoting Minn. Mut. Life Ins. Co. v. Ensley, 174 F.3d

4  977, 980 (9th Cir.1999)).

5       When a person holding funds or property encounters other

6  parties who are making conflicting possessory claims for those

7  funds or property, he may join the parties as defendants and

8  require them to litigate who is entitled to the funds or

9  property.  Michelman v. Lincoln Nat. life Ins. Co., 685 F.3d 887,

10  893 (9th Cir. 2012); ReliaStar Life Ins. Co. v. Northam, 2:13-CV-

11  00063-TLN, 2013 WL 5703341, at *2 (E.D. Cal. 2013).

12       There are some general requirements for interpleader.

13  Interpleader requires that the plaintiff-stakeholder have in its

14  possession, custody or control, a particular fund or property.

15  Mock v. Collins, No. EDCV 04-395-VAP SGLX, 2004 WL 3619122, at *2

16  (C.D. Cal. 2004); ReliaStar Life Ins., 2013 WL 5703341, at *2; 28

17  U.S.C. § 1335(a).  Further, there must be multiple, adverse

18  claims made to that same property or fund.  ReliaStar Life Ins.,

19  at *2.  Finally, the plaintiff stakeholder must have a reasonable

20  fear of multiple liability; that is, the stakeholder must have "a

21  good faith belief that there are or may be colorable competing

22  claims to the stake," based on "a real and reasonable fear of

23  exposure to double liability or the vexation of conflicting

24  claims."  Michelman, 685 F.3d at 894.

25       C.   Analysis

26       Both Cal Fire's and the United States' motions attack

27  Plaintiffs' FAC as failing to meet the requirements discussed

28  above.  The Court first addresses the United States' contention

5

1    that the FAC must be dismissed because Plaintiffs do not have

2    control or possession over the insurance funds that serve as the

3    basis for this interpleader action.

4              1.   Possession or Control

5         In its Motion to Dismiss, the United States contends

6    Plaintiffs do not have possession or control over the policy

7    proceeds at issue and therefore lack standing to bring the

8    present action.  U.S. MTD at pp. 4-5.  The United States argues

9    that Plaintiffs are merely insureds named in the policy, and any

10   control over the policy funds is subject to the consent of the

11   insurance company.

12        Plaintiffs respond that they are the beneficiaries of the

13   policy, are entitled to the full amount provided under it, but

14   admit they can only interplead the funds "with their insurer's

15   consent."  Opp. at p. 4; see also FAC ¶ 9.  They contend their

16   insurer's consent is "reasonably inferred" to have been given due

17   to the fact that no reservation of rights exists on the policy.

18   However, no legal authority supporting this specific contention

19   is provided.  In its Reply, Cal Fire argues that an insurer's

20   decision not to reserve rights to assert coverage defenses does

21   not afford the insured any control over the actual insurance

22   proceeds.  Cal Fire Reply at p. 3.

23        The Court finds Defendants'arguments persuasive. Plaintiffs

24   have failed to meet this foundational element of interpleader

25   actions.  Despite Plaintiffs' arguments regarding reasonable

26   inferences, they have not adequately demonstrated that they have

27   possession of the policy funds or provided evidence that their

28   insurer has placed the funds within Plaintiffs' custody or

1  control.  As such, they lack standing to bring this interpleader

2  action.  Accordingly, the Court GRANTS the United States' Motion

3  to Dismiss, without prejudice, as Plaintiffs may at some point

4  gain the necessary control over the policy funds.

5      The Court need not address the United States' remaining

6  contentions in support of its motion and DENIES Cal Fire's

7  motion as moot.

8

9                        III.   ORDER

10     For the reasons set forth above, the Court GRANTS the United

11 States' Motion to Dismiss the FAC.  Cal Fire's motion is DENIED

12 as moot.

13     IT IS SO ORDERED.

14 Dated:  June 11, 2014

15                                         _____
16                                         JOHN A. MENDEZ,
                                           UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

                                 7